UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 17 2014 ★
LONG ISLAND OFFICE

_____X

Victor Cinelli

        Plaintiff

-against-

Alliant Capital Management, LLC

        Defendant

_____X

Docket No. CV-14 6100
SPATT, J.
TOMLINSON, M

      Plaintiff, by his attorney Joseph Mauro, complaining of the Defendants respectfully allege and show to the Court as follows:

## I. INTRODUCTION

      1. The Plaintiff is suing the Defendant debt collector because Defendant harassed and deceived the Plaintiff in an attempt to collect an alleged debt. Among other illegal actions, the Defendant falsely threatened the Plaintiff with a lawsuit; impersonated an attorney; threatened to bring a lawsuit on a time barred debt; and failed to provide any of the notices required by federal law.

      2. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices; as well as the New York General Business Law Section 349.

      3.     According to 15 U.S.C. 1692:

(a)     There is abundant evidence of the use of abusive, deceptive, and unfair debt

        collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy.** (emphasis added)

(b)     Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)     Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d)     Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)     It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. Section 1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

5. Plaintiff, is a natural person residing in Suffolk County, New York. Plaintiff is a consumer as defined by the FDCPA.

6. Defendant Alliant Capital Management LLC (hereinafter ACM) is a New York corporation engaged in the business of collecting debts in this state. The principal purpose of defendant is the collection of debts using the mails and telephone, and defendant regularly attempts to collect debts alleged to be due another.

7. Defendants are all "debt collectors" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

## IV. FACTUAL ALLEGATIONS

8. Plaintiff repeat paragraphs "1" through "7" as if fully restated herein.

9. The Defendants allege that the Plaintiff owes a consumer debt to a company called "Shop NBC" ("the debt" or "the alleged debt") The alleged debt of Plaintiff is a "debt" as defined by 15 USC 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was alleged to be incurred in connection with the purchase personal products and services. No part of the alleged debt was incurred for business purposes.

10. At some point unknown to Plaintiff, Defendants allege to have acquired the legal right to collect the alleged debt. Plaintiff has had no business relationship with Defendant and is not aware of any documents establishing Defendant's alleged right to attempt to collect the alleged debt.

11. The Defendant telephoned the Plaintiff and falsely threatened to that the Defendant was going to sue the Plaintiff.

12. Within the one year immediately preceding the filing of this case, the Defendant telephoned the Plaintiff and falsely indicated that Defendant was calling from an attorney's office who was authorized to file a lawsuit against the Plaintiff.

13. The Defendant falsely indicated that the Plaintiff was about to be sued regarding the alleged debt.

14. The Defendant did not intend on suing the Plaintiff.

15. The Defendant was not authorized to sue the Plaintiff.

16. The Defendant did not state that they were a debt collector as required by 15 USC 1692e(11).

17. The Defendant never provided the Plaintiff with any of the notices required by 15 USC 1692g.

18. The alleged debt that the Plaintiff was attempting to collect was well past any applicable statute of limitations, and as such the Defendant's threats to sue the Plaintiff were deceptive, harassing, unfair, and unconscionable.

19. The Defendants telephoned the Plaintiff and left messages on the Plaintiff's voicemail. The messages failed to meaningfully identify the caller. In none of the Defendant's messages do Defendants identify themselves as a debt collector.

20. The Defendants purposefully fail to note that they are a debt collector in a deceptive attempt to imply that they are an attorney or law enforcement agency.

21. The Defendant's failure to meaningfully identify themselves in when leaving voice mail messages is harassing per se, pursuant to 15 USC 1692d(6).

22. The Defendant's failure to disclose that they are a debt collector when communicating with the Plaintiff is deceptive per se, pursuant to 15 USC 1692e(11).

## V. CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

24. Defendant's actions as described herein violated the following provisions of the FDCPA:

 a. 15 U.S.C Section 1692e

 b. 15 U.S.C Section 1692e(2)

 c. 15 U.S.C Section 1692e(3)

 d. 15 U.S.C. Section 1692e(4)

 e. 15 U.S.C Section 1692e(5)

 f. 15 U.S.C Section 1692e(7)

 g. 15 U.S.C Section 1692e(10);

 h. 15 U.S.C Section 1692e(11);

 i. 15 U.S.C Section 1692d;

 j. 15 U.S.C Section 1692d(6);; and

 k. 15 U.S.C. Section 1692g.

## VI. CAUSES OF ACTION UNDER NEW YORK GENERAL BUSINESS LAW

25. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

26. Defendants' actions as detailed above violate the New York General Business Law Section 349 et seq. in that:

27. The Defendants actions as described herein are deceptive. The Defendant leaves voice mail messages for consumers that fail to disclose that they are debt collectors,

while implying that they are a lawyer. The Defendant engages in such deception to coerce consumers into returning the calls, and in an attempt to falsely scare consumers into paying an alleged debt. By choosing to leave a consumer a message without meaningfully identifying themselves, and without noting that they are a debt collector is deceptive, in that consumers are lead to believe that the call is something other than what it is. The Defendants are obligated via statute to disclose their identity and disclose that they are debt collectors. Consumers rightfully rely upon their legal right to know when it is a debt collector that is calling so that they can choose the time, place, and manner to respond, or whether to respond at all. The Defendant's conduct as described herein deceives reasonable consumers. The Plaintiff was in fact deceived by Defendant's conduct as described herein. Defendant's message deceived the Plaintiff into believing that the Defendant was not a debt collector, and that Plaintiff would imminently suffer an adverse legal consequence, causing Plaintiff emotional distress associated with the false belief that he was about to be sued.

28. Defendant regularly utilizes deceptive practices as described herein in connection with their general business practice of collecting consumer debts. Defendant's actions have a broad impact on New York consumers at large, in that the Defendants utilizes the deceptive practices described herein while attempting to collect debts from New York consumers, thereby deceiving New York consumers. On information and belief, it is the Defendant's business to use the telephone to collect debts, and the Defendant regularly utilizes the deceptive practice identified in this complaint against New York consumers. Defendant regularly secrets their status as a debt collector while leaving messages on consumers' answering machines or voice mails.

29. The Plaintiff requests that the Court issue an injunction prohibiting Defendant from hiding their identity as debt collector while leaving messages on New York consumers' answering machines or voice mails; and prohibiting the Defendants from implying that the they are an attorney.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, for the following:

A. An injunction as requested herein

B. Actual damages;

C. Statutory damages;

D. Costs and reasonable attorney's fees;

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Joseph Mauro (JM: 8295)
The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

/s/ JOSEPH MAURO
Joseph Mauro